FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

'07 SEP 28 PM 3:49

CLERK_____
SO. DIST. GA.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

ROBERT JENKINS III, )
)
    Plaintiff, )
)
v. )    Case No. CV406-258
)
OFFICER JOE DAVIS, )
SGT. MAYES, et al., )
)
    Defendants. )

## <u>O R D E R</u>

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On October 27, 2006, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. <u>See</u> Prison Litigation Reform

Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. Early case screening permits dismissal if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; see 28 U.S.C. § 1915(e)(2)(B); see also 42 U.S.C. § 1997e(c)(1). The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.[1]

Plaintiff alleges that on August 2, 2005, Officer Davis asked plaintiff to accompany him to speak with his supervisor at the Savannah Impact Program (SIP).[2] Doc. 1. After arriving at SIP, Davis's supervisor, Sgt. Mayes, allegedly informed plaintiff that he was being charged with murder and that the police had enough evidence to convict him. Id. After reading

---

[1] Plaintiff has filed two amended complaints. Docs. 7, 8. The Court will consider these along with plaintiff's initial complaint.

[2] The Savannah Impact Program is a probation and parole supervision and outreach program partnered with the Savannah-Chatham Metropolitan Police Department and other local and state government agencies.

plaintiff his <u>Miranda</u> rights, plaintiff agreed to answer Sgt. Mayes' questions. <u>Id.</u> Plaintiff alleges that he had yet to be informed that he was under arrest. <u>Id.</u> The interview lasted over an hour, and plaintiff was subsequently handcuffed and taken to police barracks where the questioning continued. <u>Id.</u> He alleges that during the second round of questioning, Sgt. Mayes and an unidentified officer attempted to coerce him into confessing. <u>Id.</u> Plaintiff alleges that the officers then took him to his previous residence looking for "clothes or shoes" before returning him to the police station, where the officers took photos and a blood sample. <u>Id.</u> Plaintiff was subsequently taken to Chatham County Jail where he felt "a great amount of emotional stress" after other inmates informed him that he had been on television and that he was charged with murder. <u>Id.</u> Although plaintiff's charges were dropped on September 23, 2005, he was not released until September 27, 2005. <u>Id.</u> Plaintiff indicates that during his fifty-six days in custody, he was never furnished a copy of the formal charge, arraigned, or brought before a judge. <u>Id.</u>

It appears that plaintiff is asserting a claim of false imprisonment and, perhaps, malicious prosecution. "A false imprisonment claim under

section 1983 is based on the protection of the Fourteenth Amendment against deprivations of liberty without due process of law." Ortega v. Christian, 85 F.3d 1521, 1526 (11th Cir. 1996) (citing Baker v. McCollan, 443 U.S. 137 (1979)). "Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest." Ortega, 85 F.3d at 1526. See Wallace v. Kato, 127 S. Ct. 1091, 1095-96 (2007) ("[F]alse imprisonment is detention *without legal process*" and "ends once the victim becomes held *pursuant to such process* . . . . Thereafter, unlawful detention forms part of the 'entirely distinct' tort of malicious prosecution, which remedies . . . [the] *wrongful institution* of legal process."). To succeed under § 1983 for a claim of false imprisonment, plaintiff must "meet the elements of common law false imprisonment and establish that the imprisonment resulted in a violation of due process rights under the Fourteenth Amendment." Ortega, 85 F.3d at 1526.

Regarding the period of detention from the moment of confinement until the charges were dropped, plaintiff has failed to demonstrate that the harm was of constitutional proportions. He has not alleged that the arrest

was warrantless or that the police lacked probable cause to arrest him.[3]

Without showing some constitutional violation, plaintiff cannot pursue a false imprisonment claim under § 1983. See id. at 1526 (where arresting officer "lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest."); see also, Liser v. Smith, 254 F. Supp. 2d 89, 95-96 (D.D.C. 2003) ("If the arrest was legally justified--for example, if supported by probable cause or a valid warrant . . . arresting officer is privileged."); Wheeler v. City of Macon, 52 F. Supp. 2d 1372, 1377 (M.D. Ga. 1999) ("While a warrantless arrest without probable cause violates the Constitution and forms a basis for a § 1983 claim, the existence of probable cause is an absolute bar to liability."). Absent any constitutional violation, plaintiff's remedy is in state court for a state tort claim of false imprisonment. See Baker, 443 U.S. at 143-44. Without an allegation that the police lacked probable cause, the claim must fail.

Plaintiff's continued confinement *after* the charges were dismissed

---

[3] Plaintiff alleges that he was "not guilty;" however plaintiff's innocence "while relevant to a tort claim for false imprisonment . . . is largely irrelevant to [plaintiff's] claim of deprivation of liberty without due process of law." Baker, 443 U.S. at 145.

presents a stronger claim to relief. The Court must assume that there was no justification for continuing to hold plaintiff after the prosecutor dismissed the charges against him.[4] The plaintiff, however, has not named as a defendant the party or parties responsible for the continued confinement. Thus, he has not named the jailer who refused to release him, or alleged that Officers Davis or Mayes conspired with the jailer to prevent his release. As plaintiff has not alleged facts demonstrating that the named defendants were responsible for his continued detention, the claim fails.

Plaintiff also appears to allege that he was unconstitutionally held without a finding of probable cause. Again, the Court is unable to address this claim without more information. If plaintiff was arrested without a warrant and not afforded a prompt judicial determination of probable cause, he may be able to state a claim for relief regarding a deprivation of his Fourth Amendment rights. See County of Riverside v. McLauglin, 500 U.S.

---

[4] The dismissal of charges, of course, is not inconsistent with the existence of probable cause to arrest or detain a suspect, for prosecutors often elect to dismiss charges for a variety or reasons, even where there was probable cause for their arrest (e.g., where, despite reasonable grounds to believe the suspect guilty of a crime, the evidence is insufficient to establish guilt beyond a reasonable doubt). Thus, probable cause may have existed until the release date, preventing any claim for relief under § 1983.

44 (1991). If, on the other hand, the arrest was made under a warrant, plaintiff's claim is meritless. Stephenson v. Gaskins, 539 F.2d 1066, 1068 n.1 (5th Cir. 1976).

Plaintiff named Savannah Police Department and SIP as defendants. Neither defendant is an entity subject to suit under § 1983. See Lovelace v. DeKalb Central Probation, 144 Fed. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit); Lesikar v. Medical Staff, 2002 WL 441404, at *4 (N. D. Tex. Mar. 19, 2002) (§ 1983 plaintiff may not sue detention center or sheriff's department, which lack a distinct legal existence). Plaintiff's claims against "[p]olice department staff" and "all staff" from SIP fail for the same reason. See Harris v. Matar, 1995 WL 9247, at *1 (N.D. Ill. 1995) (Department of Corrections Medical Staff is "neither a person nor an entity subject to suit because of a lack of legal existence"); Ferguson v. Morgan, 1991 WL 115759, at *1 (S.D.N.Y. 1991) (Correctional Facility Medical Staff not a person under § 1983).

Finally, plaintiff has named Chatham County as a defendant. While

a county is a legal entity amenable to § 1983 lawsuit, it may not be liable under § 1983 absent a showing that a custom, pattern, or practice of the county resulted in the deprivation of a plaintiff's constitutional rights. Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984). A county cannot be held vicariously liable for the actions of its officers or employees. Monell, 436 U.S. at 691. Here, plaintiff cites no custom, pattern, or practice of Chatham County in his complaint and fails to even mention Chatham County in the body of his complaint. Accordingly, plaintiff's complaint against Chatham County fails.

For all of the above reasons, plaintiff's complaint as presently framed fails to state claim upon which relief can be granted against any of the named defendants. However, because plaintiff's claim will be time-barred under the applicable two-year statute of limitations if dismissed, the Court will allow plaintiff thirty days from the date of this Order to cure the deficiencies identified in this Order.

SO ORDERED this 28TH day of September, 2007.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA